## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

G&G CLOSED CIRCUIT EVENTS, LLC,                    *

     Plaintiff,                                           *

                                                          *

v.                                                     *

                                                          *     Civil No. 23-3070-BAH

PAVEL GARCIA VILLALOBOS ET AL.,                    *

     Defendants.                                          *

                                                          *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION

G&G Closed Circuit Events, LLC ("Plaintiff") brought suit against Pavel Garcia Villalobos ("Villalobos") and PPI Tavern, Inc. (collectively "Defendants") alleging violations of 47 U.S.C. § 605 (Count I) and 47 U.S.C. § 553 (Count II). ECF 1. Pending before the Court is Defendants' Motion for Summary Judgment (the "Motion"). ECF 36. Plaintiff filed an opposition, ECF 38, and Defendants filed a reply, ECF 39. All filings include exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Defendants' Motion is **DENIED**.

### I.  BACKGROUND[2]

This case centers on the allegedly unauthorized broadcast of boxing matches produced and broadcast by Plaintiff at an establishment owned and operated by Defendants. Plaintiff is a "closed circuit distributor of sports and entertainment programming," which "purchased and retains the

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[2] To the extent a fact is in dispute, the Court, consistent with its obligation at this stage of the litigation, views the fact in the light most favorable to Plaintiff, the non-moving party.

exclusive commercial exhibition licensing rights to the: *Gervonta Davis v. Ryan Garcia Fight Program* [the 'Program'] telecast nationwide on Saturday, April 22, 2023." ECF 38-3 (Gagliardi Aff.), at 1 ¶ 3. Plaintiff has "anti-piracy enforcement rights with respect to the Program, which apply to any unauthorized commercial broadcast in the United States, regardless of means of transmission." *Id.* Plaintiff's rights "encompassed all undercard events as well as the main event and all color commentary," including the undercard bout between Elijah Garcia and Kevin Salgado. ECF 38, at 1 (first citing ECF 38-3, at 1 ¶ 3, then citing ECF 38-3, at 9).

PPI Tavern, Inc. is the owner and operator of the commercial establishment doing business as PPI Bar t/a Luxury 360 Bar & Lounge t/a Luxury 360 Bar-Lounge t/a Luxury 360 Bar located at 500 South Lehigh St., Baltimore, Maryland 21224. ECF 38-4 (Defs. Ans. to Interrog.), at 4 ¶ 1. Villalobos was "a managing member, partner and owner of PPI Tavern, Inc." and was "an individual with dominion and control over PPI Tavern, Inc." ECF 38, at 2 (first citing ECF 7 (Defs. Answer), at 1 ¶ 3, then citing ECF 38-4, at 4 ¶ 1 and ECF 7, at 1 ¶ 7). Villalobos was on the premises of the establishment when the Program was broadcast. ECF 38-4, at 7–8 ¶ 21.

Cherie Harris, a bar patron, affirmed that she observed the undercard bout between Garcia and Salgado being displayed by Luxury 360 Bar & Lounge on April 22, 2023. ECF 38-4 (Harris Aff.), at 17. However, Plaintiff maintains that "[a]t no time did [Villalobos] or PPI Tavern, Inc. [] sublicense the Program from G&G Closed Circuit Events, LLC." ECF 38-3, at 1–2 ¶ 3. The commercial fee for PPI Tavern, Inc to broadcast the Program was $1,700. *Id.* at 3 ¶ 8.

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether

it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine factual dispute exists." *Progressive Am. Ins. Co. v. Jireh House, Inc.*, 608 F. Supp. 3d 369, 373 (E.D. Va. 2022) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986)). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48 (emphasis in original).

The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor, *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam); *Scott v. Harris*, 550 U.S. 372, 378 (2007), and the Court "may not make credibility determinations or weigh the evidence," *Progressive Am. Ins. Co.*, 608 F. Supp. 3d at 373 (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007)). For this reason, summary judgment ordinarily is inappropriate when there is conflicting evidence because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002).

At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 2003)). "The existence of a mere scintilla of evidence in support of the nonmoving party as well as conclusory allegations or denials, without more, are insufficient to withstand a summary judgment motion." *Progressive Am. Ins. Co.*, 608 F. Supp. 3d at 373 (citing *Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020)).

## III.    ANALYSIS

Defendants filed a two-page Motion for Summary Judgment with no supporting case law. *See* ECF 36. At the outset, the Court notes that the party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Rule 56 requires that a party moving for summary judgment "identify[] each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). Moreover, the Local Rules in this District require that any motion filed "be accompanied by a memorandum setting forth the reasoning and authorities in support of it." Loc. R. 105.1 (D. Md. 2025). Defendants' initial filing failed to comport with the Federal Rules of Civil Procedure and this Court's Local Rules governing motions for summary judgment, as Defendants failed to attach a memorandum of law or cite any cases. ECF 36. In the reply, Defendants added a memorandum in support of the summary judgment motion and discussed one case. *See* ECF 39-1, at 1–2. However, in both the initial motion and the reply, Defendants failed to cite to "particular parts of materials in the record" which support its position that it is entitled to summary judgment. Fed. R. Civ. P. 56(c). Thus, the motion could be denied on this basis alone.

Further, the Court need not formally reach Plaintiff's objections to Defendants' evidence[3], ECF 38, at 3–4, because even assuming *arguendo* that the evidence is admissible, summary judgment still must be denied because Defendants have failed to show that there is no genuine dispute of fact, and they are entitled to judgment as a matter of law. Defendants use Exhibit 1, a letter from Plaintiff's counsel, to support the assertion that Plaintiff's counsel learned that Defendants did not falsely exhibit the *Davis v. Garcia* match. ECF 36, at 1. However, a review of Exhibit 1 reveals that it does not say as much. In fact, it appears to show the opposite as it reflects that Plaintiff's counsel wrote: "We are informed and believe that this Program was exhibited at your commercial establishment in violation of the exclusive closed-circuit broadcast rights owned by my client," and "[a]ny unauthorized broadcast of said Program was in direct violation of the law[.]" ECF 36-1, at 1.

Defendants cite to Exhibit 2 for the proposition that "Parcel Garcia Villalobos, who also owned PPI Installers, Inc. sent [Plaintiff's counsel] proof of payment by PPI Installers, Inc." ECF 36, at 1. The citation to Exhibit 2 appears to be erroneous, as it seems Defendants intended to cite Exhibit 3 for this assertion. Exhibit 3 is a receipt showing an iPhone purchase of "DAZN PPV Davis vs. Garcia" for $60.00. ECF 36-1, at 4. Plaintiff argues that "[e]ven if the Court considers Exhibit 3, which references a hotmail email address with 'ppiinstallers' as part of it, that does not magically connect the dots to ownership (let alone do Defendants explain why this is relevant)." ECF 38, at 6. The Court finds it difficult to discern what Defendants are attempting to establish with Exhibit 3. To the extent Defendants are arguing that the Program was paid for and therefore

---

[3] Plaintiff lodges the following evidentiary objections: Exhibit 1 – Hearsay. Fed. R. Evid. 801(c); Competence. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 408(a); Exhibit 3 – Competence. Fed. R. Civ. P. 56(c)(4); Materiality. Fed. R. Civ. P. 56(a); Hearsay. Fed. R. Evid. 801(c); Lack of Authentication; Exhibit 4 – Fed. R. Evid. 408(a). ECF 38, at 3–4.

there can be no liability, that argument, at best, *establishes* a genuine dispute of material fact rather than eliminating one. Nicolas Gagliardi, President of G&G Closed Circuit Events, affirmed that "[a]t no time did Pavel Garcia Villalobos or PPI Tavern, Inc. [] sublicense the Program from G&G Closed Circuit events," and "as G&G Closed Circuit Events, LLC purchased and retains the exclusive commercial distribution rights no other company was authorized to transmit the Program to Defendants." ECF 38-3, at 1–2 ¶ 3. Thus, even if the Court considers Exhibit 3, summary judgment still must be denied because there is a genuine dispute over whether the Program was ever paid for.

Defendants cite to Exhibit 3 to show that "Cherie Harris . . . went to the Bar on that day and she saw the showing of Garcia v. Salgado," therefore "there is no question that there was no showing of Davis v. Garcia in the Bar and no possible offense." ECF 36, at 1. This again appears to be an erroneous cite, as Harris's affidavit is found at Exhibit 2. *See* ECF 36-1, at 2. In any event, Plaintiff responds that "Defendants refuse to accept that the undercard bout between Elijah Garcia and Kevin Salgado was part of the Program," but reiterates that "the Program, as defined, included the undercard bouts (including, of course, the undercard bout between Elijah Garcia and Kevin Salgado that was observed at the establishment)." ECF 38, at 12 (first citing ECF 38-3, at 2–3 ¶¶ 4, 7, then citing ECF 38-3, at 9). The Court agrees with Plaintiff that "[a]t a bare minimum, Plaintiff has established a genuine issue of material fact with respect to whether Plaintiff's Program was broadcast." ECF 38, at 13.

Finally, Defendants cite Exhibit 4, another letter from Plaintiff's counsel, for a rule regarding strict liability. *See* ECF 36, at 2 ("But, the 'Plaintiff must show that (Defendants) had a right and ability to supervise the violations and that (they) had a strong financial interest in such activities." (citing ECF 36-1, at 5)). The relevance of Exhibit 4 is also unclear to the Court. To

the extent Defendants are arguing that they did not have a strong financial interest in the violation, the Court finds that, in light of the record evidence presented by Plaintiff, *see* ECF 38, at 1–3, there is more than enough to deny summary judgment, because a reasonable juror considering these facts could conclude that Villalobos was an individual with the "right and ability to supervise" the violations and had a strong financial interest in the violation. ECF 38, at 14.

Defendants' remaining assertions in the Motion contain no citations to the record. A party seeking to show that a fact cannot be disputed must cite "to particular parts of materials in the record" or show the cited materials "do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Defendants have failed to show the absence of a genuine dispute of fact, as most of Defendants' conclusory allegations are unsupported by citations to the record. *See generally* ECF 36. Where Defendants do cite to the record, the record evidence either does not support Defendants' assertion or gives rise to a genuine dispute of material fact. Either way, summary judgment is inappropriate. *See Vales v. Preciado*, 809 F. Supp. 2d 422, 428 (D. Md. 2011) ("A fleeting request for summary judgment that is otherwise wholly unsupported and unexplained does not satisfy the requirements of Rule 56." (citation omitted)); *see also Yates v. Overholt*, No. 19-cv-26, 2021 WL 495856, at *4 (E.D.N.C. Feb. 10, 2021) (denying summary judgment where the "motion does not establish the absence of a genuine issue of material fact, most specifically because [plaintiff] has failed to marshal his evidence in support of his claim"). Accordingly, Defendants' Motion is denied.[4]

---

[4] Defendants also appear to belatedly raise a discovery dispute that the Court already addressed. *See* ECF 36, at 2 ¶ 5 ("Plaintiff failed to answer most of Defendants' Interrogatories. Plaintiff's counsel answered some by referring to his Initial Disclosure. But he never stated what the answer was in that Disclosure. Plaintiff's failing to give Answers contributes to Plaintiff's failing to show any offense by the Defendants."). A motion for summary judgment is certainly not the appropriate forum for a discovery challenge, especially given that this Court has *repeatedly* emphasized the importance of adhering to the Court's informal discovery dispute procedures. *See* ECF 15 (order

## IV.   **CONCLUSION**

For the foregoing reasons, Defendants' Motion, ECF 36, is denied.

A separate implementing Order will issue.

Dated: July 21, 2025

/s/

Brendan A. Hurson
United States District Judge

---

outlining informal discovery dispute procedure); ECF 20 (letter order addressing discovery dispute and reiterating procedures); ECF 24 (second letter order addressing discovery dispute and admonishing the parties' "wholesale failure to abide by [the Court's] informal discovery dispute procedure"); ECF 32 (order denying Defendants' motion to compel discovery and directing Defendants to review the discovery order and the Court's procedures after "Defendants simply objected to all of Plaintiff's responses to interrogatories, dropped pages of documents on the Court with little argument (and no legal authority) in support."). In any event, it appears that the discovery issue Defendants currently complain of was already addressed by the Court. *See* ECF 32, at 2 (addressing Defendants' objections to adequacy of Plaintiff's interrogatories). The Court thus rejects Defendants' attempt to re-litigate a discovery dispute the Court has already addressed at length.